IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RAYMONE BANKS,** | Case Number 1:15 CV 888 |
| Petitioner, | Judge James S. Gwin |
| v. | REPORT AND RECOMMENDATION |
| **JOHN COLEMAN,** | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

Petitioner Raymone Banks, a prisoner in state custody, filed a petition *pro se* seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent John Coleman filed a Motion to Dismiss (Doc. 4), which Petitioner did not oppose.

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated July 7, 2015). For the reasons discussed below, the undersigned recommends Respondent's Motion to Dismiss be granted.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Ohio's Eleventh District Court of Appeals set forth the following findings of fact:

{¶2} On July 5, 2012, the Lake County Grand Jury issued an Indictment, charging Banks with the following: one count of Aggravated Robbery (Count One), a felony of the first degree, in violation of R.C. 2911.01(A)(1); one count of Felonious Assault (Count Two), a felony of the second degree, in violation of R.C. 2903.11(A)(2); two counts of Having Weapons While Under Disability (Counts Three and Four), felonies of the third degree, in violation of R.C. 2923.13(A)(2) and (A)(3); and one count of Discharge of a Firearm on or near a Prohibited Premises (Count Five), a felony of the third degree, in violation of R.C. 2923.162(A)(3). Each count had a firearm specification, pursuant to R.C. 2941.145. Counts One and Two also had repeat violent offender specifications pursuant to R.C. 2941.149.

*****

{¶19} On July 19, 2012, the jury found Banks guilty of each of the counts as contained in the Indictment. This verdict was memorialized in the trial court's July 20, 2012 Judgment Entry.

{¶20} A sentencing hearing was held in this matter on August 27, 2012. The court found Banks to be a repeat violent offender, pursuant to a stipulation regarding Banks' prior crimes. Banks' counsel argued that Hall facilitated the offense through his participating in using or selling marijuana and by grabbing the gun and allowing Banks no opportunity to withdraw. The court sentenced Banks to eleven years in prison on Count One, six years on Count Two, two years on Count Three, and two years on Count Five. The court also found that Count Three merged with Count Four. The sentences on Counts One and Two were ordered to be served consecutively. The sentences on Counts Three and Five were ordered to be concurrent with each other and the other charges. Banks was also ordered to serve three years on each of the firearm specifications, two of which were ordered to be served concurrently. An additional four-year consecutive term was imposed for the repeat violent offender specification, for a total term of 27 years imprisonment. This sentence was memorialized in an August 29, 2012 Judgment Entry of Sentence.

(Exhibit 7, pp. 2-7).

## PROCEDURAL HISTORY

*Trial Court Proceedings*

Petitioner was indicted by the July 2012 term of the Lake County Court of Common Pleas Grand Jury on one count of aggravated robbery, one count of felonious assault, two counts of having weapons while under disability, and one count of discharge of a firearm on or near a

2

prohibited premises. Each count had a firearm specification. Counts one and two also carried repeat violent offender specifications. (Exhibit 1). Upon arraignment, Petitioner pleaded not guilty. (Exhibit 2). The case proceeded to trial where the jury returned guilty verdicts to all charges and specifications. In an entry filed August 29, 2012, the court imposed an aggregate sentence of 27 years in prison.[1] (Exhibit 3).

*Direct Appeal*

On September 21, 2012, Petitioner, through counsel, filed a Notice of Appeal with the Eleventh District Court of Appeals, Lake County, Ohio. (Exhibit 4). In his brief, Petitioner raised the following four assignments of error:

1. The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.
2. The trial court erred to the prejudice of the defendant-appellant in denying his motion for acquittal made pursuant to Crim. R. 29(A).
3. The trial court erred to the prejudice of the defendant-appellant by failing to merge allied offenses of similar import.
4. The trial court erred by sentencing the defendant-appellant to a term of imprisonment where its findings were not supported by the record.

(Exhibit 5). The state filed a brief in response, conceding that the felonious assault and discharge of a firearm near prohibited premise should merge, but opposing all other assignments of error. (Exhibit 6). In an order dated September 9, 2013, the court affirmed the conviction, and modified the trial court's sentencing judgment to merge the discharging of a firearm near a prohibited premises charge with the felonious assault charge according to the state's indication. (Exhibit 7). As the two-year sentence for each of these charges were initially ordered to be served concurrently, the ultimate length of Petitioner's sentence did not change upon the appellate court's modification of the merged offenses. *State v. Banks*, 2013-Ohio-3865.

---

1. The Court additionally noted this sentence was to be served consecutive to the sentence impose in Lake County Common Pleas Court Case No. 12-CR-0308.

Thereafter, on September 11, 2013, the Court of Common Pleas entered an amended sentencing entry merging the discharging of a firearm count with the felonious assault count as modified by the court of appeals. Petitioner aggregate prison sentence of 27 years remained. (Exhibit 8).

Petitioner failed to perfect a timely appeal on discretionary review to the Ohio Supreme Court.

Over six months later, on March 17, 2014, Petitioner, *pro se*, filed a notice of appeal and a motion for delayed appeal with the Ohio Supreme Court. (Exhibits 9, 10). On May 14, 2014, the Ohio Supreme Court denied Petitioner's motion for delayed appeal and dismissed the case. (Exhibit 11).

### FEDERAL HABEAS CORPUS

Petitioner filed the instant Petition for habeas corpus on April 23, 2015, asserting the following grounds for relief:

> **GROUND ONE:** Appellant was found guilty against the manifest weight of the evidence.
>
> **GROUND TWO**: Appellant was denied his motion for acquittal.
>
> **GROUND THREE**: The trial court failed to merge allied offenses of similar import.
>
> **GROUND FOUR:** Appellant was sentenced to a term of imprisonment where its findings were not supported by the record.

(Doc. 1).

### MOTION TO DISMISS

Unopposed, Respondent moves to dismiss the Petition as untimely. (Doc. 4).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is generally a one-year period in which a prisoner in state custody may file a petition for habeas relief in federal court:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under Rule 6(a)(1)(A), the statutory clock starts the day after the triggering event. Fed.R.Civ.P. 6(a)(1)(A). Applied to the case at bar, the triggering event is "the expiration of the time for seeking [direct] review". § 2244(d)(1)(A); *Bronaugh v. Ohio*, 235 F.3d 280, 284-285 (6th Cir. 2000).

Here pursuant to the appellate court's September 9, 2013 modification of his sentence, the trial court amended its sentencing entry on September 11, 2013. (Exhibit 8). However, Petitioner failed to perfect any appeal to the Ohio Supreme Court from either the appellate court's decision or the September 11, 2013 modified sentencing entry. Using the later date of the amended sentencing entry, his conviction became final on October 11, 2013 – the expiration of the 30 day time period in which to appeal.  Thus, the one year statute of limitations for AEDPA

purposes began running on October 12, 2013. Absent tolling, the one year period expired on October 12, 2014.

*Statutory Tolling*

While the running of the limitations period may be tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral relief with respect to the pertinent judgment or claims under 28 U.S.C. § 2254 (d)(2). *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000). Thus to fall under the tolling provision, Petitioner's motion must be a qualifying state collateral action and be properly filed. *Artuz,* 531 U.S. at 8-9. However, this statutory tolling provision does not revive the limitations period, it can only serve to pause a clock that has not yet expired. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Petitioner did file a motion for delayed appeal on March 17, 2014, approximately six months after his conviction became final, with the Ohio Supreme Court. (Exhibits 9, 10). A motion for delayed appeal, is "not part of the direct appeal" for purposes of § 2244(d)(1) and thus, satisfies the first criteria for tolling purposes. *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). The second criteria required that Petitioner's motion be properly filed, or more to the point, that it was timely filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Since a motion for leave to file a delayed appeal exists as an exception to the general 45-day filing requirement under state law, the determination of whether it was properly filed is left to the state. *Id*.; *Allen v. Siebert*, 552 U.S. 3, 6 (2007); *Vroman*, 346 F.3d at 603 ("federal courts…defer to a

state court's judgment on issues of state law and, more particularly, on issues of state procedural law.").

Here, the Ohio Supreme Court denied Petitioner's motion for leave to file a delayed appeal without explanation and thus, presumably found it to be not properly filed. As Petitioner's motion did not meet both criteria, tolling is not appropriate and thus, his AEDPA limitations period ran uninterrupted from October 12, 2013 to October 12, 2014.[2]

Thus, absent equitable tolling, the Petition is time barred.

*Equitable Tolling*

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: 1) he has diligently pursued his rights; and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Jurado,* 337 F.3d at 642. Such equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Petitioner has not pointed to any extraordinary circumstances that kept him from timely filing and the Court cannot find any evidence that he diligently pursued his rights. Furthermore,

---

2. Even if Petitioner's motion for delayed appeal did serve to the toll the AEDPA statute of limitations, the Ohio Supreme Court rendered its decision on May 14, 2013, just less than two months after it was filed. *See Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). However, if tolling did operate it cannot save this Petition because it would only have extended Petitioner's AEDPA period to December 2014; his Petition was not filed until April 2015, over four months late.

Petitioner has failed to assert actual innocence as an entitlement to equitable tolling. *Schlup v. Delo*, 513 U.S. 298 (1995). Thus, his Petition should be dismissed as time-barred.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court grant Respondent's Motion to Dismiss the Petition as time-barred.

 s/James R. Knepp II  
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).